J-A04022-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| CHRISTIANA MARKLE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY S. MARKLE, | : | |
| | : | |
| Appellee | : | No. 986 WDA 2014 |

Appeal from the Order of June 5, 2014
in the Court of Common Pleas of Westmoreland County,
Civil Division, at No(s): 409 of 2011-D

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED JUNE 22, 2015**

I join the Majority Memorandum with respect to its reasoning and conclusions on Mr. Markle's motion to quash, all issues related to the value of the marital residence, and the treatment of the joint bank account. While I might have awarded Appellant more counsel fees than did the trial judge, I cannot find that the trial judge abused her discretion. However, I conclude that the trial court did abuse her discretion in awarding Mr. Markle possession of the marital home. Thus, I respectfully dissent as to that aspect of the case.

With respect to the award of possession of the marital home, the evidence favors Appellant. She has retained exclusive possession of the

*Retired Senior Judge assigned to the Superior Court.

home during the separation and paid the mortgage and line of credit during that time. When the parties' college-aged children return home for breaks and weekends, they live in the home, which is the one they grew up in. Moreover, Appellant's elderly father lives three doors away and the two provide mutual assistance to each other. The trial court concluded that regardless of the outcome, "the other party's life-style would be somewhat disrupted." Trial Court Opinion, 5/30/2014, at 7. Because Wife is currently living in the home and has since the parties purchased the home from Appellant's father in 1995, it is clear that Appellant's life would be much more disrupted if she were forced to move. Accordingly, the master and trial court abused their discretion in awarding the marital home to Mr. Markle.